# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

UNITED STATES OF AMERICA,   )
                            )
    Plaintiff,            )
                            )
    v.                    )   No. 2:10-CR-109
                            )       (2:16-CV-205)
ANTONIO GUDINO,             )
                            )
    Defendant.            )

## OPINION AND ORDER

This matter is before the Court on the Motion to Correct Sentence Under 28 U.S.C. § 2255, filed by Antonio Gudino ("Gudino") on June 21, 2016 (DE #1302). For the reasons set forth below, the motion is **DENIED.**

Gudino plead guilty to conspiring to participate in racketeering activity, in violation of 18 U.S.C. § 1962(d). This court determined that he was a career offender under United States Sentencing Guideline sections 4B1.1 and 4B1.2 because he had prior convictions for crimes of violence; namely, criminal recklessness and residential entry. He was sentenced to 175 months of incarceration.

Thereafter, the Supreme Court of the United States analyzed whether the residual clause of the Armed Career Criminal Act ("ACCA") is void for vagueness. *Johnson v. United States*, 135 S.

Ct. 2551 (2015). As Justice Scalia noted:

> Under the Armed Career Criminal Act of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. §924(e)(2)(B). We must decide whether this part of the definition of a violent felony survives the Constitution's prohibition of vague criminal laws.

*Id.* at 2555. Ultimately, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Id.* at 2563. It therefore overruled its prior decision in *Sykes v. United States*, 131 S. Ct. 2267 (2011), and held that the residual clause of the definition of violent felony in the ACCA was unconstitutionally vague. *Johnson,* 135 S. Ct. at 2563. The *Johnson* decision is retroactive on both direct appeal and collateral review. *Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015). In light of *Johnson v. United States*, ___ U.S. ____, 35 S. Ct. 2551 (June 26, 2015), the Seventh Circuit granted Gudino leave to file the instant successive motion to vacate under § 2255.

Although this Court found Gudino was a career offender under Guideline sections 4B1.1 and 4B1.2, Gudino was not sentenced as an armed career criminal under the ACCA. Accordingly, Gudino's *Johnson* argument can only prevail if the decision in *Johnson* is applicable to the similar language of the Guidelines under which

2

Gudino was sentenced.

Because precisely that issue was raised by a case then pending before the Supreme Court, the Government sought a stay of these proceedings pending a determination by the Supreme Court of whether *Johnson* applies on collateral review to nearly identical language found in the Guidelines. (DE #1321). The stay was granted. On March 6, 2017, the Supreme Court decided *Beckles v. United States*, 137 S.Ct. 886 (2017). The Court in *Beckles* determined that the holding in *Johnson* did not extent to the Guideline provisions under which Gudino was found to be a career offender. As the Court noted:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in 4B1.2(a)(2) therefore is not void for vagueness.

*Id.* at 892. Following *Beckles*, the stay was lifted and the parties were granted an opportunity to file additional briefs. The matter is now ripe for adjudication. In light of *Beckles*, the Court's ruling in *Johnson* is inapplicable to Gudino, and his Motion to Correct Sentence Under 28 U.S.C. § 2255 (DE #1302) is **DENIED**.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, a district court must "issue or deny a certificate of

appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a defendant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (U.S. 2000) (internal quotation marks and citation omitted). Gudino has not stated any grounds for relief under section 2255. The Court finds no basis for a determination that reasonable jurists would find this decision debatable or incorrect or that the issues deserve encouragement to proceed further. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Clerk is **ORDERED** to **DISMISS** this civil action **WITH PREJUDICE**. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner (Inmate Reg. No. 11907-027), McCreary USP, US Penitentiary, Inmate Mail/Parcels, P.C. Box 3000, Pine Knot, KY 42635, or to such other more current address that may be on file for the Gudino.

**DATED: August 4, 2017**              /s/ RUDY LOZANO, Judge
                                       **United States District Court**

4